UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIN EGAN,

    Plaintiff,

v.   Case No. 3:25-cv-152

VOLKSWAGEN GROUP OF AMERICA, INC.,

    Defendant.

---

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S
ANSWER TO COMPLAINT**

---

Defendant Volkswagen Group of America, Inc. ("Volkswagen"), by and through its attorneys Quarles & Brady LLP, answers Plaintiff's Complaint as follows:

1. Plaintiff Erin Egan is, and at all times material hereto was, an adult citizen of the State of Wisconsin, residing at 5453 Pierceville Road, Cottage Grove, WI 53527.

**ANSWER**: **Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and, therefore, denies the same.**

2. Defendant Volkswagen Group of America, Inc. ("Volkswagen") is a foreign corporation authorized to conduct business in the State of Wisconsin.

**ANSWER**: **Volkswagen admits the allegations in paragraph 2.**

3. Volkswagen manufactures and distributes motor vehicles throughout the State of Wisconsin.

**ANSWER**: **Volkswagen admits that it distributes motor vehicles in the State of Wisconsin. Volkswagen denies the remaining allegations in paragraph 3.**

4. Volkswagen has one or more authorized dealers and servicing centers in Dane County.

**ANSWER**: **Volkswagen admits that it has an authorized dealership in Dane County. Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and, therefore, denies the same.**

5. Volkswagen has substantial contacts with Dane County by virtue of its commercial activities including advertising, sales and servicing of its vehicles under warranty.

**ANSWER**: **Volkswagen admits that it conducts business in Dane County. Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and, therefore, denies the same.**

6. On or about February 25, 2023, Plaintiff took delivery of a new Volkswagen ID.4 vehicle ("the ID.4") from an authorized Volkswagen dealership.

**ANSWER**: **Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies the same.**

7. Said dealership was authorized to sell consumer products covered by Volkswagen's warranty.

**ANSWER**: **Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies the same.**

8. The ID.4 was covered by Volkswagen's warranty.

**ANSWER**: **Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies the same.**

9. After taking delivery of the ID.4, Plaintiff realized it suffered from one or more defects which substantially impaired its use, value, and safety.

**ANSWER**: **Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies the same.**

10. Said defects are covered by the warranty described herein.

**ANSWER**: **Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies the same.**

QB\94963596.1

11. On numerous occasions, Plaintiff made the ID.4 available to Volkswagen's authorized service facilities for repair of the defects, after which the defects continued to exist.

**ANSWER: Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies the same.**

12. The ID.4 has been out of service due to one or more warranty nonconformities on numerous occasions.

**ANSWER: Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies the same.**

13. Said warranty nonconformities continue.

**ANSWER: Volkswagen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies the same.**

14. On April 23, 2024, Plaintiff served Volkswagen with the Wisconsin MV2691 Motor Vehicle Lemon Law Notice and Nonconformity Report, notifying Volkswagen of Plaintiff's lemon law claim and requesting a refund. Volkswagen failed to provide any refund as required by the Wisconsin lemon law.

**ANSWER: Volkswagen admits that it was served with a Wisconsin MV2691 Motor Vehicle Lemon Law Notice and Nonconformity Report in connection with this matter. Volkswagen denies the remaining allegations in paragraph 14.**

15. On August 29, 2024, Plaintiff, through her counsel, wrote to Volkswagen and directed it to accept return of the ID.4 and provide a full refund in accordance with the Wisconsin lemon law.

**ANSWER: Volkswagen admits the allegations in paragraph 15.**

16. Volkswagen has not accepted return of the ID.4 and failed to provide the required refund within 30 days as required by the Wisconsin lemon law.

**ANSWER: Volkswagen admits that it has not accepted return of the ID.4. Volkswagen denies the remaining allegations in paragraph 16.**

QB\94963596.1

17. The Plaintiff has resorted to Volkswagen's certified informal dispute settlement procedure pursuant to Wis. Stat. § 218.0171(3).

**ANSWER: Volkswagen admits the allegations in paragraph 17.**

### FIRST CLAIM

18. Defendant supplied Plaintiff with an ID.4 that was defective or that malfunctioned.

**ANSWER: Volkswagen denies the allegations in paragraph 18.**

19. Said defects and malfunctions were covered by Defendant's warranties.

**ANSWER: Volkswagen denies the allegations in paragraph 19.**

20. Plaintiff has afforded Defendant or Defendant's representatives a reasonable opportunity to repair the defects or malfunctions.

**ANSWER: Volkswagen denies the allegations in paragraph 20.**

21. Defendant failed to repair the ID.4 within a reasonable time.

**ANSWER: Volkswagen denies the allegations in paragraph 21.**

22. The acts and omissions of Volkswagen alleged herein constitute violations of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et seq., entitling the Plaintiff to the remedies described therein.

**ANSWER: Volkswagen denies the allegations in paragraph 22.**

### SECOND CLAIM

23. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint as if set forth in full herein.

**ANSWER: Volkswagen realleges and incorporates by reference its answers to paragraphs 1 through 22 of this Complaint as if set forth in full herein.**

QB\94963596.1

24. The ID.4 was made available for repair of a warranty nonconformity prior to the expiration of one year after first delivery of the vehicle to plaintiff, as those terms are defined by Wis. Stats., 218.0171 et. Seq., the Wisconsin lemon law.

**ANSWER**: **Volkswagen denies the allegations in paragraph 24.**

25. Said nonconformity was not repaired by Volkswagen or its authorized dealer and said nonconformity continued after the expiration of one year after first delivery of the ID.4 to Plaintiff.

**ANSWER**: **Volkswagen denies the allegations in paragraph 25.**

26. As a direct and proximate result of Volkswagen's violation of the Wisconsin lemon law and federal Magnuson-Moss Act, the Plaintiff has suffered pecuniary loss, attorney's fees, court costs and other losses.

**ANSWER**: **Volkswagen denies the allegations in paragraph 26.**

## AFFIRMATIVE DEFENSES

Volkswagen hereby states the following affirmative defenses. Volkswagen reserves the right to assert other affirmative and additional defenses, and to otherwise supplement this Answer.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. To the extent that Plaintiff complains of conditions alleged to have been encountered in the use of the vehicle identified in the Complaint, upon information and belief, such conditions may be the result of an unauthorized modification, abuse, neglect, misuse or other alterations of the subject vehicle.

3. Upon information and belief, the conditions about which the Plaintiff complains with respect to the use and operation of the subject vehicle are intrinsic to the nature of the subject vehicle.

4. Upon information and belief, the conditions complained of by Plaintiff with respect to the subject vehicle were not warranted by Volkswagen.

5. Upon information and belief, the conditions complained of by Plaintiff with respect to the subject vehicle did not substantially impair the use, value or safety of the subject vehicle.

6. Plaintiff has failed to mitigate damages as required by law.

7. Upon information and belief, Plaintiff's damages, if any, were caused by her own acts, not the acts of Volkswagen.

8. Upon information and belief, Plaintiff's damages, if any, were caused by persons or entities other than Volkswagen, and for whose conduct Volkswagen is not responsible.

9. Even assuming that anything that Volkswagen did or did not do is deemed to be a cause of Plaintiff's damages, Plaintiff's claims are barred from recovery by the doctrine of superseding cause and/or intervening cause.

10. Plaintiff has failed to give timely notice of the alleged defect, breach of warranty, revocation or other claims to Volkswagen.

11. Plaintiff's claims are barred in whole or in part by Volkswagen's limitations on damages and/or disclaimer of warranties, express or implied.

12. Plaintiff's claims for incidental or consequential damages, if any, are barred in whole or in part because the alleged damages were not reasonably foreseeable.

13. Plaintiff's claims may be barred by any applicable statute of limitations, doctrine of laches or statute of repose.

14. Plaintiff has failed to participate in good faith and exhaust pre-litigation dispute resolution options.

15. Plaintiff's claims are barred by the doctrine of spoliation.

16. Plaintiff's claims are moot.

WHEREFORE, Defendant requests that the Court enter an Order dismissing Plaintiff's Complaint with prejudice, awarding Volkswagen Group of America, Inc. its costs and expenses incurred in the defense of this matter, including actual attorney's fees, and for such other and further relief to which Defendant may be entitled.

## JURY DEMAND

Alternatively, Defendant respectfully demands a trial by jury.

Dated: February 27, 2025

QUARLES & BRADY LLP

*/s/ Sara P. Scullen*
Sara P. Scullen (State Bar No. 1030763)
411 E. Wisconsin Ave., Suite 2400
Milwaukee WI  53202
Telephone:  (414) 277-5000
Facsimile:   (414) 203-0190
Email:  sara.scullen@quarles.com

*Attorneys for Defendant Volkswagen Group of America, Inc.*

QB\94963596.1